Dear Mr. Hammonds:
You have requested an opinion of this office concerning the responsibility of local school boards of transporting both public and non-public students. Specifically, your inquiries are as follows:
 (1) May a public school system utilize locally generated funds to subsidize the cost of transporting non-public school students, including parochial school students?
 (2) Must a public school system utilize locally generated funds to subsidize the cost of transporting non-public school students, including parochial school students?
 (3) If a public school system is obligated to transport private and parochial school students, may that school system fulfill this obligation by simply turning over to the private and parochial schools the monies received from the State for this purpose?
 (4) May a public school system deny the request of a private school for transportation services on the basis that it cannot afford to provide such transportation while, at the same time, it continues to provide such transportation to all parochial schools requesting same?
LSA-R.S. 17:158 applies directly to the case at hand. This statute provides in pertinent part:
 A(1) Each parish and city school board shall provide transportation for any student attending a school of suitable grade approved by the State Board of Elementary and Secondary Education within the jurisdictional boundaries of the parish or school board if the student resides more than one mile from such school.
Alternatively, LSA-R.S. 17:158C provides for reimbursement should the local school board be unable economically to provide that transportation, it states:
 (C) If transportation is not provided by the parish or city school board by reason of economically justifiable reason approved by the state superintendent of education and the Board of Elementary and Secondary Education, the Department of Education, in accordance with the provisions of Subsection D hereof, shall reimburse the parent or tutor of any student who resides more than one mile from the school attended by the student to the extent and in the amounts that funds are so appropriated by the legislature, but in no event shall such reimbursement exceed one hundred twenty-five dollars per student or three hundred seventy-five dollars for any one family.
LSA-R.S. 17:15A provides an affirmative duty on the part of parish and city school boards to transport students who live more than one mile from school. These school boards receive state funds for this purpose. Further, it has consistently been the opinion of this office that school boards should be afforded wide discretion under their general powers, LSA-R.S. 17:81 et seq. (See Attorney General's Opinion Number 86-273, October 31, 1989).
LSA-R.S. 17:158 does not require or provide specific authority for school boards to subsidize the cost of transporting either non-public or public school students. However, it does not prohibit explicitly or implicitly school boards from utilizing such funds for this purpose. Therefore, it is the opinion of this office in response to your first two inquiries that school boards may use their inherent discretionary powers in determining whether locally generated funds may or must be used in order to fulfill their statutory duty in an economically feasible manner.
In response to your third question, it has been the opinion of this office that school boards have discretion in determining the manner in which they choose to transport school children. (See Attorney General Opinion Number 88-475, January 11, 1989). In their discretion, therefore, school boards may decide to distribute funds for transporting students to individual schools as per an agreement to that effect.
Finally, your fourth question concerns a school board's power to deny a private school's request for transportation while continuing to provide transportation to all other schools both public and non-public or parochial. There is a mandatory duty under LSA-R.S. 17:158 for school boards to provide transportation to any student living more than one mile from school. This, however, may not be feasible in some instances. Thus, Subsection C of this statute as noted above provides for reimbursement to parents or tutors of students who do not receive transportation from the parish or city school board in question. This is available only where for "economically justifiable reasons approved by the State Superintendent of Education and the State Board of Elementary Education" the parish or city school board is unable to provide transportation. It is the opinion of this office that a parish or city school board may deny a request for transportation from a private school where there is an approved economically justifiable reason as set out in LSA-R.S. 17:158C.
In conclusion, it is the opinion of this office that it is within a school board's discretion to determine whether it utilizes locally generated funds in fulfilling its responsibility under LSA-R.S. 17:158. It is also within a school board's discretion to choose to dispense funds for transportation of school children directly to each school. Lastly, a school board may refuse transportation to a private school requesting it where there is an approved economically justifiable reason for such.
I trust that this adequately answers your questions. If you require any further assistance, please don't hesitate to call this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0222p